HELENE N. WHITE, Circuit Judge,
concurring.
I concur in the judgment. I write to address a few additional points.
It is unclear what happened with the paperwork. Buy’s supposition — that the judge’s March 1st orders must not have reached the Probation Department’s mailbox until after plaintiffs signed up for community service on March 7 — does not account for the fact that Travis faxed the orders to CCS on March 7. And, if Travis placed the orders and referral information in Buy’s mailbox after faxing the information, there is no explanation for Buy’s claim that they were not present when he first looked. Under these circumstances, plaintiffs have not shown which officer is to blame, and in any event, have shown no more than negligence.[1]
As to the other officers, “we assess probable cause from the perspective of a reasonable officer at the time he acted.” (Maj. Op. at 416 (citing Gardenhire v. Schubert, 205 F.3d 303, 311, 318 (6th Cir. 2000)).) Buy’s memorandum was not attached to the arrest warrants, so the other defendants could not have relied on it. Rather, they relied on the warrants, and “[p]olice officers are entitled to rely on a judicially secured warrant for immunity from a § 1983 action ... unless the warrant is so lacking in indicia of probable cause, that official belief in the existence of probable cause is unreasonable.” Yancey v. Carroll Cty., Ky., 876 F.2d 1238, 1243 (6th Cir. 1989) (citing Malley v. Briggs, 475 U.S. 335, 344-45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)); Robertson v. Lucas, 753 F.3d 606, 618 (6th Cir. 2014). Plaintiffs acknowledge that bench warrants do not require separate indicia of probable cause. Even if, as Plaintiffs assert, Judge LeBar-ron did not properly journalize her intent to issue the bench warrants under Ohio law, that alleged error was not apparent from the faces of the warrants, so for purposes of § 1983 liability, Nolan, McIntyre, and Stepec were entitled to rely on them.
Still, what happened to Cachet Beckham and Marcus Lewis was not only “unfortunate and regrettable,” (Maj. Op. at 417 (quoting R. 75, PID 2450)), but also pre- *418 veritable and reflective of a disturbing cynicism and callousness. No doubt police officers and jail officials hear many protestations of innocence and claims of mistake. But the assumption that the couple were just advancing a “story” that the officers had heard many times before would have been belied by a glance at the paperwork they offered several times. And, although the officers were not obliged to investigate further from a constitutional standpoint, they knew that the Euclid Municipal Court was about to close for the long weekend and common decency should have led at least one of them to look at the documents and make a few inquiries.
Additionally, we were informed at oral argument by attorneys for both sets of appellants that no changes have been made in the Euclid Municipal Court’s system for tracking community-service compliance. At some point, requesting warrants based on a knowingly flawed system may crossover from negligence to recklessness.

. Footnote 1 of the majority opinion further explains why Travis cannot be held liable.